**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TRUYEN VAN TRINH,
ALIEN # A27-370-359,**

      Petitioner,

vs.                                   Case No. 4:08cv362-MP/WCS

**U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,**

      Respondent.

_____/

**REPORT AND RECOMMENDATION**

This case was transferred from the United States District Court, Southern District of Florida in mid-August, 2008.  Doc. 3-3.  Petitioner, proceeding *pros se*, filed a petition for writ of habeas corpus in that Court on August 11, 2008, doc. 1.  The petition, filed under 28 U.S.C. § 2241, states that Petitioner had a telephonic hearing with the Immigration Court in Miami on January 29, 2008.  Doc. 3-2.  The result of that hearing is unclear, but Petitioner had also advised that in November, 2007, removal proceedings were initiated and his appeal "was filed and dismissed for failure to meet procedural requirements he did not understand."  Doc. 3-2.  Petitioner alleges he is a lawful permanent resident of the United States, is legally married to a United States citizen, and "is in fear of great danger should he" be returned to Vietnam.  *Id.*  Petitioner seeks

an order enjoining his removal and he seeks protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment of Punishment (CAT) art. 3, § 1, Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, with the filing of a document entitled, "Petitioner's Notice of Appeal the Department of Homeland Security Deportation." Doc. 1.

It is unclear when Petitioner filed his appeal to the Board of Immigration Appeals, especially in light of his statement that in January of 2008, he had a telephonic conference with the Immigration Court. It is also unclear when his appeal was dismissed. Nevertheless, this Court lacks jurisdiction over this case because Petitioner seeks protection against removal and is not simply challenging a period of indefinite detention under Zadvydas v. Davis, 533 U.S. 678 (2001). The Court does not have jurisdiction over such an action as 8 U.S.C. § 1252(a)(2)(C) provides: "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)."

Although this Court does not have jurisdiction to consider Petitioner's appeal, 8 U.S.C. § 1252(a)(2)(c), such review (to the degree any review is possible) can be obtained only in the Court of Appeals. See Balogun v. United States Atty. Gen., 425 F.3d 1356, 1359 (11th Cir. 2005) (noting the REAL ID Act loosened the jurisdictional restraints of § 1252(a)(2)(c)); *see also* Arias v. United States Atty. Gen., 482 F.3d 1281, 1284 (11th Cir. 2007); Jean-Pierre v. United States Atty. Gen., 500 F.3d 1315, 1321 (11th Cir. 2007) (explaining that "criminal aliens seeking review of an unsuccessful CAT claim may no longer proceed in habeas;" and stating "the exclusive mechanism for judicial review is a petition for review filed with the appropriate court of appeals"), *citing*

8 U.S.C. § 1252(a)(5); <u>Balogun v. United States Att'y Gen.</u>, 425 F.3d 1356, 1359-60 (11th Cir. 2005).  Under the REAL ID Act, an alien who claims legal error in a final order of removal may petition the courts of appeals for review.  <u>Balogun</u>, 425 F.3d at 1360.  The courts of appeal have exclusive jurisdiction to undertake judicial review.  8 U.S.C. § 1252(a)(5).

    The REAL ID Act[1] includes a transfer provision providing that "the district court shall transfer . . . to the court of appeals" any case "challenging a final administrative order of removal . . . ."  REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005).  Therefore, pursuant to the REAL ID Act, codified at 8 U.S.C. § 1252(a)(2)(D), this case need not be dismissed but may, instead, be transferred to the Eleventh Circuit Court of Appeal.

    In light of the foregoing, it is respectfully **RECOMMENDED** that the § 2241 petition, doc. 1, filed by Petitioner Truyen Van Trinh be **TRANSFERRED** to the Eleventh Circuit Court of Appeals pursuant to REAL ID Act of 2005, 8 U.S.C. § 1252.

    **IN CHAMBERS** at Tallahassee, Florida, on August 26, 2008.


                                              s/      William C. Sherrill, Jr.
                                              **WILLIAM C. SHERRILL, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**


## **NOTICE TO THE PARTIES**

---

[1] The REAL ID Act of 2005, which amended 8 U.S.C. § 1252(a)(2)(D), gives the courts of appeals jurisdiction to decide questions of law and certain constitutional claims.  <u>Balogun v. U.S. Att'y Gen.</u>, 425 F.3d 1356, 1359 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 1920 (2006), *cited in* <u>Arias</u>, 482 F.3d at 1284.

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**